In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-3810

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LUIS EDUARDO MARIN-CASTANO,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:10-cr-01045-1—**John W. Darrah,** *Judge.*

ARGUED MAY 31, 2012—DECIDED AUGUST 10, 2012

Before BAUER, SYKES and TINDER, *Circuit Judges*.

BAUER, *Circuit Judge.* The defendant-appellant, Luis Eduardo Marin-Castano, was indicted and pleaded guilty to one count of illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) and 6 U.S.C. § 202(4). On November 30, 2011, upon consideration of Marin-Castano's criminal history and other factors, the district court issued a low-end, within-Guidelines sentence of 46 months in prison. This appeal followed. We affirm.

## I. BACKGROUND

Marin-Castano, a native and citizen of Colombia, illegally entered the United States in 1982. In 1985, he was convicted of drug offenses in violation of 21 U.S.C. §§ 846 and 841(a)(1), was sentenced to five years in prison, and in 1987 he was deported to Colombia. Approximately five years after his deportation, Marin-Castano reentered the United States and was arrested twice, yet managed to avoid deportation. On October 27, 2010, he was arrested in Illinois for driving under the influence and Immigration and Customs Enforcement agents were informed of his illegal status. Marin-Castano was indicted on one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and 6 U.S.C. § 202(4) and pleaded guilty pursuant to a plea agreement. At the sentencing hearing, upon consideration of the government's Presentence Investigation Report, and in accordance with the United States Sentencing Guidelines, the district court determined Marin-Castano's criminal history category to be 3 and, after applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A), determined his offense level to be 21. U.S. Sentencing Guidelines Manual, § 2L1.2(b)(1)(A) (2010). This resulted in a calculated Guidelines range of 46 to 57 months' imprisonment. U.S.S.G. Sentencing Table (2010). Neither the government nor Marin-Castano objected to this calculation. Marin-Castano was sentenced at the low-end of the Guidelines range to 46 months in prison and he appealed.

## II. DISCUSSION

Marin-Castano claims that the district court committed procedural error at sentencing by failing to address two of his principal arguments. At the heart of each of these arguments (which were at best complementary, if not duplicative) was his claim that his 1985 conviction was stale and it overstated the seriousness of his current reentry offense. He further argued that although the district court's Guidelines calculation was technically correct, consideration of the § 3553(a) factors necessitated a below-Guidelines sentence.

The first argument cited § 3553(a)(2)(C) and claimed that a Guidelines range accounting for his 1985 conviction overstated the seriousness of his criminal history by elevating it to a Category 3, and thus would be greater than necessary to protect the public from further crimes of the defendant.

The second argument cited § 3553(a)(2)(A) and claimed that a Guidelines range accounting for his 1985 conviction overstated the seriousness of his reentry offense by imposing a 16-level offense enhancement, pursuant to § 2L1.2(b)(1)(A).

We pause for a point of clarity and underscore that Marin-Castano essentially split one argument into "two principal arguments" by dividing it between the horizontal (criminal history) and vertical (offense level) axes of the Guidelines Sentencing Table. After sentencing, Marin-Castano appealed, claiming the district court committed procedural error by failing to properly address both of these arguments.

In addition to procedural error, Marin-Castano also claims the sentence imposed was substantively unreasonable because it failed to give proper weight to the age of Marin-Castano's 1985 conviction, in accordance with the 18 U.S.C. § 3553(a) factors.

We disagree. We find neither procedural error, nor substantive unreasonableness with regard to the district court's imposed sentence of 46 months' imprisonment.

Because Marin-Castano argues that the court committed both procedural and substantive error, we employ more than one standard of review. First, we conduct a *de novo* review for any procedural error. *United States v. Curby*, 595 F.3d 794, 796 (7th Cir. 2010). If we determine that the district court committed no procedural error, we review the sentence for substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In this circuit, we do apply a presumption of reasonableness to all within-Guidelines sentences. It is not a binding presumption, but it applies in every case and it is the defendant's burden to overcome it. *See Gall,* 552 U.S. at 51 (an appellate court may apply a presumption of reasonableness to a within-Guidelines sentence) (citing *United States v. Rita*, 551 U.S. 338, 347 (2007)); *United States v. Vizcarra*, 668 F.3d 516, 527 (7th Cir. 2012) (holding that a properly calculated Guidelines sentence is presumed to be reasonable).

When addressing a party's non-frivolous argument, the sentencing court commits procedural error if it "fail[s] to calculate (or improperly calculat[es]) the Guidelines

range, treat[s] the Guidelines as mandatory, fail[s] to consider the 18 U.S.C. § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51.

The district court must say enough to "satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *Rita*, 551 U.S. at 356. Furthermore, "the court must address the defendant's principal arguments that are not so weak as to not merit discussion" *United States v. Pulley*, 601 F.3d 660, 667 (7th Cir. 2010) (citing *United States v. Villegas-Miranda*, 579 F.3d 798, 801 (7th Cir. 2009)), though, "[a] short explanation will suffice where the context and record make clear the reasoning underlying the district court's conclusion." *United States v. Schroeder*, 536 F.3d 746, 755 (7th Cir. 2008). Finally, as we noted in *Curby*, "the amount of explanation needed in any particular case depends on the circumstances and less explanation is typically needed when a district court sentences within an advisory guidelines range." *Curby*, 595 F.3d at 797 (citing *United States v. Harris*, 567 F.3d 846, 853-54 (7th Cir. 2009), and *United States v. Poetz*, 582 F.3d 835, 838 (7th Cir. 2009)).

At the sentencing hearing, the district court began by summarizing the arguments advanced in Marin-Castano's sentencing memorandum, including the staleness of his 1985 conviction, that the Guidelines significantly overstated the seriousness of the offense, Marin-

Castano's good behavior and lack of criminal activity since 1985, that he was now 56 years old having spent the previous 27 years working hard to send money back to his family and sick mother in Colombia, and that in light of these facts, a within-Guidelines sentence would be inappropriate. When the district court asked if anything had been missed or overlooked, defense counsel replied, "No your Honor. That is a summary of all the points I was making." Sentencing Transcript, p. 5. The district court continued by summarizing the government's arguments and heard a statement in allocution from Marin-Castano.

As noted above, context and record are crucial to rendering an accurate analysis of the district court's consideration of the arguments. Because it is easy to overlook context by simply extracting quotations and considering them in isolation, as Marin-Castano did on appeal, below we provide relevant portions of the 18-page sentencing transcript all together, in an effort to detail the district court's analysis and provide the context through which it was delivered. The district court stated:

> I am directed to consider a sentence that is necessary but not greater than necessary to promote respect for the law, provide just punishment, adequate deterrence, protection to the public and any needed training or treatment. In doing that, I am directed to consider the nature and history of the offense. In this case, the nature and history of the offense is a serious one. This country has a right to protect its

borders, ensure the safety of its citizens and its econ-
omy, and immigration laws are enacted to achieve
those ends, among others. Violation of those laws
do pose a threat to our country, sometimes direct
and sometimes more indirectly. Considering the
need to promote respect for the law and general
deterrence, [defendant]'s points, I suppose, are some-
what well taken, that a sentence imposed here on
Mr. Marin-Castano might not do much to deter
others from entering this country. . . . But deterrence
has two components. As to specific deterrence, that
is, the need to deter Mr. Marin-Castano from
further conduct in this regard, it's clear that a sen-
tence of incarceration would at least deter him for
the period of time while he's confined. Considering
specifically the nature and history of this offense,
the defendant, after committing a serious felony in
this country, received a very severe federal prison
sentence for a first-time offender. He was sentenced
to five years of custody and another three years of
special probation. He was then deported from the
United States, and a very short time after deportation
he returned to the United States in direct violation of
the law and the conditions of his release. That's a
serious offense and requires a sentence within the
Guideline range. On the other hand, the [points
made by the defendant] are well taken[.] The age of
the predicate sentence, the sentence that was im-
posed for the 1984 offense, is something that must be
considered, and the 18 or 19 years that Mr. Marin-
Castano has lived here free of entanglement with the

law is something that also has to be considered. . . . [T]he fact that he has no ties to the United States and while in custody will have no real connection with any relatives . . . is something that must be considered, and the fact that apparently while he was gainfully employed he was sending money back to Colombia. . . . The fact that his mother [who lives in Colombia] is ill is certainly very regrettable. And again, considering that with his age is something that must be considered in determining a sentence that's appropriate in this case. . . . [T]he government's points are also well taken. . . . [I]t's apparent that the previous encounters with law enforcement and the sentences that were imposed did not deter Mr. Marin-Castano. . . . Based on all the mitigating factors that I've just mentioned, as pointed out by the defendant's lawyer, I find a sentence at the low end of the Guideline range would be appropriate and would meet the sentencing aims of 3553. . . . Mr. Marin-Castano, you made a very serious mistake. It was a long time ago, I'll give you that, and you're going to pay a very serious price for it. I wish you well. Good luck to you.

Sentencing Transcript, pp. 13-18.

Marin-Castano's claim that the court committed procedural error by failing to address his arguments is in part based on 18 U.S.C. § 3553(a)(2)(C), and in part on § 3553(a)(2)(A). The former requires the sentencing court to weigh the need for specific deterrence by imposing a sentence sufficient, but not greater than

necessary to protect the public from further crimes by the defendant. 18 U.S.C. § 3553(a)(2)(C). The latter requires courts to impose sentences sufficient but not greater than necessary to reflect the seriousness of the offense. 18 U.S.C. § 3553(a)(2)(A).

Marin-Castano argued that in the 27 years since his 1985 conviction, he has led an honest and hardworking life free from crime and that this was evidence of his rehabilitation and greatly reduced risk of recidivism. He argued that a criminal history category of 3 greatly overstated the need to protect the public from his future crimes because once deported, he had little incentive to return.

To bolster this argument, Marin-Castano cited U.S.S.G. § 4A1.3(b)(1), which allows a court to grant a below-Guidelines sentence when the "criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b)(1).

He further argued that the 16-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A) which elevated his offense level to 21, placed him in a Guidelines range that was greater than necessary because it overstated the seriousness of his reentry offense.

According to Marin-Castano, the district court failed to consider and address these factors at sentencing. In support of this, he relies heavily on two cases: *United States v. Miranda*, 505 F.3d 785 (7th Cir. 2007), and *United States v. Robertson*, 662 F.3d 871 (7th Cir. 2011).

In both *Miranda* and *Robertson*, this Court vacated and remanded district court sentences for failure to adequately address the principal arguments of the defendants. *United States v. Miranda*, 505 F.3d 785, 786 (7th Cir. 2007), *United States v. Robertson*, 662 F.3d 871, 874 (7th Cir. 2011). Marin-Castano attempts to draw comparisons between these cases and his own case, yet they are distinguishable in significant ways. For starters, the cases differ factually. In *Miranda* and *Robertson*, each defendant presented evidence that previous mental illness or drug dependency had likely been the catalyst for their predicate offenses, and because they had since been treated, the risk of recidivism was greatly reduced. This Court vacated and remanded both sentences because it was not satisfied that the district court gave the proper consideration to the defendant's arguments. In *Miranda*, we noted:

> [T]he district court repeatedly stated that it could not "revisit" or "look beyond" [his prior convictions], apparently construing Miranda's argument as a collateral attack on the prior convictions. But Miranda was not collaterally attacking those convictions; rather, he was asking the court to consider an argument under § 3553(a)(1) that those convictions arose out of his mental health issues and that his criminal history category overstated both the seriousness of his prior conduct and the likelihood that he would commit further crimes.

*Miranda*, 505 F.3d at 795.

In *Robertson*, the district court failed to acknowledge Robertson's "substantial and reliable evidence of rehabili-

tation, which presented a non-frivolous argument for imposing a sentence below the Guidelines range"; it remained silent on a material issue and argument, so this Court vacated and remanded the imposed sentence. *Robertson*, 662 F.3d at 880.

When responding to non-frivolous 18 U.S.C. § 3553(a)(1) or U.S.S.G. § 4A1.3(b)(1) arguments and weighing a defendant's risk of recidivism based on prior convictions, evidence of motivation such as drug dependency or mental illness may be relevant. A district court is certainly not required to give specific weight to such evidence where it does not see fit, but as we stated, it is necessary that the district court address the argument in such a way that satisfies an appellate court that it was properly understood and considered, and in *Miranda* and *Robertson*, we were not satisfied.

In this case, however, we are satisfied that the district court properly considered and addressed the principal arguments. Not only did the district court specifically address both general and specific deterrence, the seriousness of illegal reentry and the need to enforce laws which have been created to protect the public, but it specifically referenced Marin-Castano, including his family and ties to Colombia. All of these considerations were factors in the court's determination of how much weight to give the 1985 conviction which was at the very center of Marin-Castano's argument for a below-Guidelines sentence. The district court explicitly noted that Marin-Castano was not previously deterred by his prior federal prison sentence and as a result, only

a within-Guidelines sentence would meet the sentencing aims of § 3553.

As to Marin-Castano's § 4A1.3(b)(1) argument, we point out that since *United States v. Booker*, § 4A1.3(b)(1), as well as the rest of the Guidelines, are merely advisory. *United States v. Booker*, 543 U.S. 220, 245 (2005). While a sentencing court surely has the authority to apply a downward departure upon consideration of § 4A1.3(b)(1), it is by no means required to do so.

We find that the district court's analysis satisfies the necessary requirements for proper sentencing, and thus, we find no error.

Finally, Marin-Castano argues that the sentence imposed was substantively unreasonable because it failed to give proper weight to the age of Marin-Castano's 1985 conviction, in accordance with the 18 U.S.C. § 3553(a) factors. We disagree.

It is clear, for reasons previously stated, that the district court considered the age of the 1985 conviction but was ultimately unpersuaded that a below-Guidelines sentence would sufficiently deter Marin-Castano from illegally reentering the United States again. In light of that we note, as we recently emphasized in *United States v. Ramirez-Mendoza*, "sentencing judges rightly maintain significant discretion in fashioning an appropriate sentence. It is the sentencing judge that hears evidence and makes credibility determinations, both of which give the judge insights into a case that a cold record simply cannot convey." *United States v. Ramirez-Mendoza*, No. 11-3314, 2012 U.S. App. LEXIS 11599, at *14 (7th Cir.

June 8, 2012) (citing *Gall*, 552 U.S. at 51-52). Moreover, as we stated at the outset, sentences falling within the Guidelines are presumptively reasonable. *Gall*, 552 U.S. at 51 (citing *Rita*, 551 U.S. at 347). We defer to the district court's determinations and find that a within-Guidelines sentence was substantively reasonable.

## III.  CONCLUSION

For the reasons stated herein, we AFFIRM the judgment of the district court.