NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2013
Decided May 13, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-3605

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 12-CR-118 |
| DARRELL W. WELLMAN, JR., *Defendant-Appellant.* | William M. Conley, *Chief Judge.* |

**O R D E R**

Darrell Wellman, a federal inmate, was serving 60 months for possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), when guards found marijuana sewn into his underwear. He pleaded guilty to possession of contraband by a federal inmate, 18 U.S.C. § 1791(a)(2), and was sentenced to six months' additional imprisonment. Wellman filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We invited Wellman to comment on counsel's motion, but he has not responded. *See* CIR. R. 51(b). Our review is limited to the potential issues identified in counsel's facially adequate submission. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Wellman has informed his lawyer that he does not wish to challenge his guilty plea, so counsel properly omits any discussion about the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012)*; United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel considers whether Wellman could challenge the reasonableness of his six-month prison sentence but appropriately rejects this potential challenge as frivolous. The prison term is within the properly calculated guidelines range of two to eight months and thus is presumptively reasonable, and counsel identifies no reason to disturb that presumption. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Marin-Castano*, 688 F.3d 899, 905 (7th Cir. 2012). Before imposing sentence the district court looked to 18 U.S.C. § 3553(a) and considered Wellman's supportive family and educational efforts. But these considerations were outweighed, in the court's view, by the seriousness of the offense, Wellman's continued drug use despite treatment and incarceration, and the need to deter him and others from further criminal activity while incarcerated.

Wellman requested that his counsel argue that his prison term is unreasonable because it exceeds the government's recommendation of a sentence in the middle of the guidelines range. But the district court was not bound by the government's recommendation, *see Gall v. United States*, 552 U.S. 38, 49–50 (2007); *Marin-Castano*, 688 F.3d at 905; *United States v. Marty*, 450 F.3d 687, 691 (7th Cir. 2006), and during his plea hearing Wellman acknowledged that he could receive any prison sentence not exceeding the maximum statutory penalty of five years.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.