**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pedro RODRIGUEZ–RUIZ,
Defendant–Appellant.**

No. 12–2580.

United States Court of Appeals,
Seventh Circuit.

Submitted May 30, 2013.
Decided May 30, 2013.

Mark E. Schneider, Attorney, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Carol A. Brook, Attorney, Candace R. Jackson, Attorney, Office of the Federal Defender Program, Chicago, IL, for Defendant–Appellant.

Before FRANK H. EASTERBROOK, Chief Judge, JOEL M. FLAUM, Circuit Judge, and DIANE S. SYKES, Circuit Judge.

**ORDER**

Pedro Rodriguez–Ruiz, a 47–year–old Mexican citizen, was removed from the United States in 1996 after serving about 10 years of a prison sentence in Illinois for murder (stabbing a man in a bar fight); he was back in the country within two years. Immigration authorities caught up with him in Illinois in 2010, after he was arrested for driving under the influence—his sixth alcohol-related conviction since returning to the country. Rodriguez–Ruiz pleaded guilty in the Northern District of Illinois to unlawful presence in the country after removal. *See* 8 U.S.C. § 1326(a). He was sentenced to 70 months' imprisonment, the bottom of his guidelines range of 70–87 months (based on an offense level of 21 and category V criminal history). He filed a notice of appeal, but his appointed lawyer believes the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Rodriguez–Ruiz has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues counsel identifies in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir.2002).

Rodriguez–Ruiz has informed counsel that he does not wish to challenge his guilty plea, so counsel properly omits discussion about the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002).

Counsel does consider whether Rodriguez–Ruiz could challenge the reasonableness of his sentence but appropriately rejects the potential challenge as frivolous. We would presume Rodriguez–Ruiz's within-in-guidelines sentence to be reasonable, *see Rita v. United States*, 551 U.S. 338, 350–351, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *United States v. Marin–Castano*, 688 F.3d 899, 905 (7th Cir.2012), and counsel identifies no reason to disturb that presumption. The district court thoroughly analyzed the 18 U.S.C. § 3553(a) factors, including the nature of the offense ("this is a very serious offense" and "your prior violent crime ... adds to the severity"), as well as the need for deterrence (there "is a specific deterrence factor here, especially given the length of time you have lived in the United States"). These considerations, the court appropriately decided, outweighed Rodriguez–Ruiz's main argument in mitigation that the guidelines range, which included an enhancement for having been removed after a crime of violence, is excessive because he was only 18 at the time of his murder conviction.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.