NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2013
Decided May 30, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2580

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>     v. <br><br> PEDRO RODRIGUEZ-RUIZ, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 12 CR 7 <br><br> Amy J. St. Eve, <br> *Judge.* |

**O R D E R**

Pedro Rodriguez-Ruiz, a 47-year-old Mexican citizen, was removed from the United States in 1996 after serving about 10 years of a prison sentence in Illinois for murder (stabbing a man in a bar fight); he was back in the country within two years. Immigration authorities caught up with him in Illinois in 2010, after he was arrested for driving under the influence—his sixth alcohol-related conviction since returning to the country. Rodriguez-Ruiz pleaded guilty in the Northern District of Illinois to unlawful presence in the country after removal. *See* 8 U.S.C. § 1326(a). He was sentenced to 70 months' imprisonment, the bottom of his guidelines range of 70–87 months (based on an offense level of 21 and category V criminal history). He filed a notice of appeal, but his appointed lawyer believes the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386

U.S. 738, 744 (1967). Rodriguez-Ruiz has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues counsel identifies in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Rodriguez-Ruiz has informed counsel that he does not wish to challenge his guilty plea, so counsel properly omits discussion about the plea colloquy or the voluntariness of the plea. *See United States v. Konczak,* 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox,* 287 F.3d 667, 671 (7th Cir. 2002).

Counsel does consider whether Rodriguez-Ruiz could challenge the reasonableness of his sentence but appropriately rejects the potential challenge as frivolous. We would presume Rodriguez-Ruiz's within-guidelines sentence to be reasonable, *see Rita v. United States*, 551 U.S. 338, 350-551 (2007); *United States v. Marin-Castano*, 688 F.3d 899, 905 (7th Cir. 2012), and counsel identifies no reason to disturb that presumption. The district court thoroughly analyzed the 18 U.S.C. § 3553(a) factors, including the nature of the offense ("this is a very serious offense" and "your prior violent crime . . . adds to the severity"), as well as the need for deterrence (there "is a specific deterrence factor here, especially given the length of time you have lived in the United States"). These considerations, the court appropriately decided, outweighed Rodriguez-Ruiz's main argument in mitigation that the guidelines range, which included an enhancement for having been removed after a crime of violence, is excessive because he was only 18 at the time of his murder conviction.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.