NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois  60604

Argued June 5, 2013
Decided August 12, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3092

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Northern |
| | District of Illinois, Eastern Division. |
| *v.* | |
| | No. 11 CR 134 |
| VICTOR JOHNSON, also | |
| known as VIC, | Milton I. Shadur, |
| *Defendant-Appellant.* | *Judge.* |

## O R D E R

Victor Johnson was charged with one count of bank robbery by force, violence, or intimidation, in violation of 18 U.S.C. § 2113(a). Johnson pleaded guilty and was sentenced to 180 months' imprisonment.  Johnson now appeals his sentence, arguing that it is both procedurally and substantively unreasonable.  Finding no error, we affirm.

On February 17, 2011, Johnson and his co-defendant, David Holmes, entered a Charter One Bank in Chicago, Illinois, and approached the teller counter. Holmes climbed over the counter and told the teller to open the safe and give him all the money. The teller then opened the safe, and Holmes removed $6,183. At the same time, Johnson grabbed a bank customer and threatened, "Don't move or I'll kill you. Give me your money." The customer stated that she had just deposited all of her money and had nothing to give him. Johnson then pressed his gun into her back and forced her to the next teller window. By now, Holmes had emptied the bank's safe. Johnson then struck the customer in the head with the gun and fled the bank with Holmes and the money from the safe.

On December 20, 2011, Johnson pleaded guilty to one count of bank robbery by force, violence, and intimidation, and on August 23, 2012, the district court sentenced him to 180 months' imprisonment. Johnson filed this timely appeal.

First, Johnson argues that his sentence is procedurally unreasonable. We review *de novo* whether a district court followed proper procedures at sentencing. *United States v. Trujillo-Castillon*, 692 F.3d 575, 578 (7th Cir. 2012). Specifically, we look to whether the sentencing judge properly calculated the Guidelines range, recognized that the Guidelines range was not mandatory, considered the sentencing factors in 18 U.S.C. § 3553(a), selected a sentence based on facts that were not clearly erroneous, and explained the sentence adequately. *United States v. Annoreno*, 713 F.3d 352, 357 (7th Cir. 2013) (citations omitted).

Johnson contends that the district court treated the Guidelines with undue import by displaying a "strong pull towards the [Guidelines] range, showing a presumption of reasonableness." Johnson cherry-picks the following comments from the district court's extensive discussion at sentencing to support his assertion,

> [W]hen the Guidelines were binding, my approach was typically to adopt presumptively something in the middle of the Guideline range and then say, and where do the mitigating factors take it to take it down toward the lower part, or where do the aggravating factors take it to bring it to the upper part. That still seems to me to be a legitimate approach to the whole problem. First you define the range and then you see where does the specific conduct point to in terms of how you apply the range.

[T]he Guidelines put [Johnson] into a range, those factors. And now you decide where does someone get sentenced within the range. And that is a function of how serious the factor is in connection with or in comparison with or in relation to comparable conduct that would place the person within the range.

But these comments, when read in the context of the entire record, were part of a larger discussion from the district court judge of the history of the Guidelines—far from a "strong pull towards a presumption of reasonableness" as Johnson suggests. The district court, rather, properly calculated the advisory Guidelines range, critiqued the Guidelines, reviewed the history of the law, and proceeded through a detailed discussion of the § 3553(a) factors. There was no procedural error at Johnson's sentencing.

Next, Johnson contends the district court relied upon prohibited documents when it concluded that Johnson had committed a second controlled substance offense for the purposes of the Career Offender Guideline. To qualify as a career offender under § 4B1.1 a defendant must have at least two prior felony convictions for crimes of violence or controlled substances. Here, the district court determined that Johnson had two qualifying convictions of controlled substance offenses: (1) a conviction for delivery of crack cocaine, in violation of 720 Ill. Comp. Stat. 570/401; and (2) a conviction for criminal drug conspiracy, in violation of 720 Ill. Comp. Stat. 570/405. The second conviction involved a "divisible" statute, meaning the statute could be violated by an agreement to merely possess a controlled substance (720 Ill. Comp. Stat. 570/402), or by an intent to distribute, manufacture, or deliver a controlled substance (720 Ill. Comp. Stat. 570/401). If Johnson was convicted of the latter, the offense would qualify as his second controlled substance conviction and Johnson would be deemed a career offender under the Guidelines. *See Salinas v. United States*, 547 U.S. 188, 126 S.Ct. 1675, 164 L.Ed.2d 364 (2006). Johnson acknowledges in his brief that he failed to make an objection at the district court level and forfeited this claim. *United States v. Anderson*, 604 F.3d 997, 1001 (7th Cir. 2010). When evaluating a forfeited claim, we review for plain error. *Id*.

The crux of Johnson's argument is that, because his second controlled substance offense involved a divisible statute, the district court erred by utilizing his PSR when determining that he was a career offender because the PSR incorporated his police report—a document which in and of itself would not pass muster under *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). But Johnson does not argue that the PSR's description of his second state drug offense was inaccurate, or that he was actually convicted of conspiracy to merely possess under the divisible statute at issue. In

fact, during his sentencing hearing, Johnson described his offense as an agreement to *deliver* crack cocaine. Johnson's counsel also agreed at sentencing that Johnson, "technically does qualify as a career offender" and only offered arguments in mitigation of that fact, such as Johnson's addiction issues and difficult upbringing. A defendant's criminal record is commonly stipulated, giving no reason for the district court to unilaterally search through the state court's archives for an indictment, when both parties are in agreement. *See United States v. Aviles-Solarzano*, 623 F.3d 470, 475 (7th Cir. 2010) (citing Fed. R. Crim. P. 32(i)(3)(A)). Accordingly, we find no plain error.

We review the district court's sentencing decisions for substantive reasonableness under an abuse of discretion standard. *United States v. Marin-Castano*, 688 F.3d 899, 902 (7th Cir. 2012) (internal citations omitted). A sentence is considered reasonable if the district court gives meaningful consideration to the factors enumerated in § 3553(a), including the advisory Sentencing Guidelines, and arrives at a sentence that is objectively reasonable in light of the statutory factors and the individual circumstances of the case." *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008) (internal citations omitted). Further, because Johnson's sentence is within the Guidelines range, we apply a presumption of reasonableness. *United States v. Baker*, 655 F.3d 677, 683 (7th Cir. 2011) (citing *Rita v. United States*, 551 U.S. 338, 347, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)).

Johnson argues his 180-month sentence is unreasonable because the sentence is longer than necessary to meet the § 3553(a) sentencing goals, considering mitigating factors such as Johnson's substance abuse issues, as well as an unfair application of the career-offender guideline. *See* U.S.S.G. § 4B1.1. First, the record reflects that the district court enumerated the § 3553(a) factors and discussed them individually before imposing Johnson's sentence. The district court was not persuaded that Johnson's mitigating factors, such as his difficult upbringing and addiction problems, outweighed the aggravating factors in the case—including Johnson's lengthy criminal history. Johnson also argues the application of the career offender provision was too harsh; Johnson's criminal history does not support that conclusion. It is clear from the record that the district court carefully considered and weighed the § 3553(a) factors and settled on a within Guidelines range sentence of 180 months' imprisonment. Finding no abuse of discretion, we AFFIRM.