In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 14-2211 & 15-1090

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHRISTOPHER BOUR,

*Defendant-Appellant.*

Appeals from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:13-cr-00036 — **Rudy Lozano**, *Judge.*

ARGUED SEPTEMBER 24, 2015 — DECIDED OCTOBER 27, 2015

Before MANION, ROVNER, and HAMILTON, *Circuit Judges*.

MANION, *Circuit Judge*. Christopher Bour paid a woman named Natisha for permission to molest, rape, and create pornographic films of her infant daughter—and, not content with these crimes, he also took explicit photographs of Natisha's four-to-five-year-old daughter. After Bour invited a woman called TJ to watch him "play with" the littlest girl, TJ informed the FBI and a criminal investigation launched.

Bour pleaded guilty on five counts, while Natisha was separately sentenced for her role in this grisly treatment of her daughters. Bour now challenges his sentence, supervised-release conditions, and restitution order. We affirm.

## I. Background

Bour and Natisha met on seven or eight occasions for Bour to molest Natisha's younger daughter, known here as Jane Doe, who was four to eighteen months old during the abuse. Bour sexually touched Jane Doe, penetrated her mouth and genitals, and filmed at least two encounters with her. He also photographed the genitals of Natisha's older daughter, Jane Doe II, who was then three to five years old.

After his indictment, Bour pleaded guilty to purchasing a child for the production of child pornography under 18 U.S.C. § 2251A(b), three counts of producing child pornography under 18 U.S.C. § 2251(a), and one count of possessing child pornography under 18 U.S.C. § 2252(a)(4). At his sentencing hearing, he objected to the sentencing memorandum's discussion of homemade videos, which show him masturbating on a bedspread that is identical to a bedspread seen in a Jane Doe video. Among other things, the videos show Bour licking an object after removing it from his rectum. Bour argued against the videos as prejudicial, irrelevant, and not offense conduct. The district judge admitted the description of Bour's masturbation videos as relevant and as useful to the Bureau of Prisons.

Bour was sentenced to life for purchasing a child for the production of pornography and to 1,020 consecutive months (85 years) on the remaining counts. On top of this, the judge imposed lifetime supervised-release conditions for each

count, including the conditions of release that Bour challenges here.

At sentencing, the district judge accepted the government's assertion that restitution damages could not be ascertained until post-sentencing, while noting that he was statutorily required to decide restitution within 90 days of sentencing. Bour was sentenced on May 15, 2014. In an order dated 89 days post-sentencing, the district judge found "restitution to be applicable" and took the amount under advisement. On January 5, 2015, 235 days after sentencing, the district court ordered Bour to pay $75,000 in restitution.

## II. Analysis

On appeal, Bour argues that the district court erred in considering the sentencing-memorandum discussion of his masturbation videos. He also urges that the sentencing court erred in imposing consecutive terms of imprisonment, rather than concurrent terms. Bour further challenges the supervised-release conditions imposed at sentencing. Finally, he contends that restitution was ordered too late to bind him.

### A. Bour's Masturbation Videos

In objecting to the district court's consideration of the masturbation-video descriptions, Bour's argument on appeal is based on a claimed Fifth and Fourteenth Amendment right to privacy. He contends that, because the conduct depicted in his videos is not unlawful, it should have been excluded.

When a defendant is sentenced, Congress provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may

receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. The only limits on this are expressly enumerated: characteristics like race, national origin, and religion may not be considered at sentencing and, whatever information is considered, it must be accurate. *See Pepper v. United States*, 562 U.S. 476, 489 n.8 (2011) (citing *United States v. Leung*, 40 F.3d 577, 586 (2d Cir. 1994)); *see also* U.S.S.G. § 5H1.10; *see also United States v. Guajardo-Martinez*, 635 F.3d 1056, 1059 (7th Cir. 2011) (citing *United States v. Tucker*, 404 U.S. 443, 447 (1972)) (citations omitted).

Bour urges that the conduct in his videos is beyond consideration because the Supreme Court provided constitutional protection to "certain intimate conduct" in *Lawrence v. Texas*, 539 U.S. 558, 562 (2011). The fact that conduct is legal, however, does not mean that a sentencing court is barred from considering it. Instead, the Guidelines, statutory law, and Constitution only limit consideration of certain enumerated characteristics. The video summaries discussed Bour's actions, not his race, creed, or any other constitutionally protected characteristic. Four of Bour's five counts involve production of child pornography. His masturbatory conduct was relevant to the sentencing decision because the videos demonstrated that Bour took pleasure in producing graphic films. There was no error in considering these facts.

### B. Consecutive Sentences

Next, Bour argues that the district court erred by imposing consecutive terms of imprisonment, rather than concurrent terms. We review Bour's criminal sentence in two steps: first for procedural error, then for substantive reasonableness. *United States v. Warner*, 792 F.3d 847, 855 (7th Cir. 2015) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

### 1. *Procedural error*

When reviewing a criminal sentence for procedural error, we apply de novo review. *United States v. Annoreno*, 713 F.3d 352, 356 (7th Cir. 2013) (citing *United States v. Marin-Castano*, 688 F.3d 899, 902 (7th Cir. 2012)).

At Bour's sentencing, the district judge found that "[t]he guideline range in this case is up to life." Sentencing Tr. 42. The judge then imposed a life sentence for purchasing a child for the production of pornography, plus 1,020 consecutive months on the remaining counts. Bour contends that the district judge erred in failing to explain why he imposed consecutive sentences.

We examine whether the district court abused its discretion by imposing consecutive rather than concurrent terms. The Guidelines state that, "[i]f the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run *concurrently*, except to the extent otherwise required by law." U.S.S.G. § 5G1.2(c) (emphasis added). If the sentence with the highest statutory maximum "is less than the total punishment," the district court may run counts consecutively. U.S.S.G. § 5G1.2(d). And though the Guidelines prefer concurrent sentences, "undoubtedly a sentencing court enjoys broad discretion in deciding" whether to run concurrent or consecutive terms. *United States v. Morgano*, 39 F.3d 1358, 1366 (7th Cir. 1994) (citations omitted).

If a district court goes above the Guidelines, it must adequately explain its reasons. *United States v. Stinefast*, 724 F.3d 925, 932 (7th Cir. 2013) (citing *United States v. Taylor*, 701 F.3d 1166, 1174 (7th Cir. 2012). This court will not find error when

a district court goes above the Guidelines "based on factors 'sufficiently particularized to the individual circumstances of the case.'" *United States v. Jackson*, 547 F.3d 786, 792–93 (7th Cir. 2008) (citations omitted). We also will not find a sentence "procedurally unreasonable as long as the totality of the record establishes that the district court considered the arguments in mitigation, even if implicitly and imprecisely." *United States v. Cheek*, 740 F.3d 440, 456 (7th Cir. 2014) (citations omitted) (internal marks omitted).

At sentencing, the district judge explained that he had "gone through this indictment, the evidence, the pretrial, time and time again." Sentencing Tr. 28. He "tr[ied] to consider all factors," "look[ed] at trying to give [Bour] a sentence no more than is absolutely necessary," and "considered all of the 3553(a) factors that [Bour's] attorney brought out in his memorandum." *Id.* at 28, 32, 37. While he considered Bour's need for psychological help, he also told Bour that "the crime that you have committed is so horrific, I can go through the definition of all the different things that I have had in sexual cases and almost every one of those applies to you that you did on this infant." *Id.* at 34. As a result, there was "no question that the crime here is probably one of the most serious that we have in this [c]ourt." *Id.* at 35. On this record, we find that the district court considered mitigation, concluded that Bour's crimes required a punishment of life plus consecutive terms, and sentenced accordingly.

By imposing a life sentence, plus 1,020 consecutive months, the district judge was also sending a distinct message about how society views the horrible crimes that Bour committed. The judge explained that any sentence must seek to "deter other Christopher Bours, if they can think logically,

if they're not blinded by their desires, [and communicate that] society is not going to allow this. This Court is not going to allow this. I am not going to allow this. We have to have a deterrent, and the penalty is very, very high for doing it." Sentencing Tr. 35. On the facts that the sentencing court painstakingly reviewed, it was legitimate for the court to send this strong deterrent message against baby pornography.

This would be enough to sustain Bour's sentence, but for the district court's declaration that it was "imposing a sentence at the upper end of the [G]uidelines because of the number of images, the sexual contacts with the child resulting in child pornography, the lack of remorse, the age of the children," what it found to be a fair sentence, deterrence, and more. Sentencing Tr. 42. In short, there is a direct contradiction between the court's declaration that it was imposing a within-Guidelines sentence and its action in imposing an out-of-Guidelines sentence.

Nevertheless, even though the consecutive terms were procedural error, this is legally harmless. We tread carefully in finding harmless error because a man's liberty is at stake here. To be harmless, the district court's sentencing error must not affect Bour's substantive right to liberty. *United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009). The federal system has abolished parole. As a matter of law, this court has therefore found that sentences of "'life' and 'life plus x years' come to the same thing." *Harris v. Warden*, 425 F.3d 386, 387 (7th Cir. 2005); *see also United States v. Cephus*, 684 F.3d 703, 705 (7th Cir. 2012). Whether the terms are concurrent or consecutive, Bour's life sentence alone is the same as life plus 85 years. Further, based on his recitation of facts

and concerns, there is no doubt that the sentencing court in this case specifically intended that Bour would remain in federal prison for the remainder of his life. Even though the district court should have explained why he imposed consecutive sentences on top of the life sentence, the result is the same either way.

We thus do not remand for procedural error.

### 2. *Substantive reasonableness*

Bour also argues that his sentence of life plus 85 years was substantively unreasonable. We review a sentence's substantive reasonableness for abuse of discretion. *Annoreno*, 713 F.3d at 356–57 (citing *Marin-Castano*, 688 F.3d at 902).

A sentencing judge must meaningfully consider the 18 U.S.C. § 3553(a) factors, "including the advisory sentencing guidelines," and reach an outcome that is "objectively reasonable in light of the statutory factors and the individual circumstances." *United States v. Brown*, 732 F.3d 781, 788 (7th Cir. 2013) (citing *United States v. Boroczk*, 705 F.3d 616, 623 (7th Cir. 2013)). A sentence is not presumed unreasonable simply because it is above the Guidelines range. *United States v. Pabey*, 664 F.3d 1084, 1098 (7th Cir. 2011) (citing *United States v. Jackson*, 547 F.3d 786, 792 (7th Cir. 2008)). While "a more significant justification" is needed for a major departure from the Guidelines, that justification need not be "extraordinary." *Id.* (citing *United States v. Schlueter*, 634 F.3d 965, 967 (7th Cir. 2011); *Jackson*, 547 F.3d at 792). And this case is extraordinary: it ranks among the worst that the district judge has seen, a case that combines almost every sexual crime he has encountered into a series of assaults on one baby, and we must also recognize that Bour further photo-

graphed her four-to-five-year-old sister to produce child pornography. *See* Sentencing Tr. at 34.

Given the statutory factors and Bour's circumstances, his sentence is not objectively unreasonable. At sentencing, the district judge raised many individualized issues, including his concern that he "really stumble[d]" in his effort to believe Bour could avoid repeating his crimes and be responsible with a shorter sentence; that the sentence "should be equal to what [the judge gave] other people with the same type of crimes"; that Bour lacked "remorse, [and had] a grin on [his] face, of an enjoyment of doing this"; and that the victim was "an innocent child that could not fight back." *Id.* at 34–37. On this record, the sentencing court did not abuse its discretion when imposing life plus 85 years. The sentence accounts for the horror of Bour's crimes.

When the district judge was sentencing Bour, he asked Bour, "Can I tell the young mothers of this world that you're not going to be out there possibly addressing their kids?" Sentencing Tr. at 34. After affirming that he was imposing the shortest possible sentence, the judge concluded, "I'm not sure I can do that, Mr. Bour, bring you back to society, because of the risks that are so horrific." *See id.* at 35. In short, the judge believed it was necessary to ensure that Bour would never leave prison. Because this is a justified reason for consecutive sentences, there was no abuse of discretion in substantive terms.

### C. Conditions of Supervised Release

Because Bour failed to object to the conditions of release in district court, even though he was represented at sentencing, this court reviews for plain error. *See United States v.*

*Musso*, 643 F.3d 566, 571 (7th Cir. 2011) (citing *United States v. Ross*, 475 F.3d 871, 873 (7th Cir. 2007)). Plain error either affects a defendant's substantive rights or seriously affects a judicial proceeding's fairness, integrity, or public reputation. *United States v. Franklin*, 197 F.3d 266, 271 (7th Cir. 1999) (citing *United States v. Vest*, 116 F.3d 1179, 1185 (7th Cir. 1997)).

Supervised-release conditions must reasonably relate to four factors: "[1] the defendant's offense, history, and characteristics; [2] the need for deterrence; [3] the need to protect the public from the defendant; and [4] the need to provide the defendant with treatment." *Musso*, 643 F.3d at 571 (citing 18 U.S.C. § 3583(d)). Any condition of release must reasonably relate to the first factor. 18 U.S.C. § 3583(d)(1). It also cannot deprive more liberty than is reasonably necessary to achieve the latter three factors. 18 U.S.C. § 3583(d)(2). In this case, Bour challenges six conditions of supervised release that were in fact inapplicable to him, overbroad, or vague.

Bour fails to show that his substantive rights, the criminal proceeding's fairness or integrity, or the proceeding's public reputation will suffer. *See United States v. Silvious*, 512 F.3d 364, 371 (7th Cir. 2008). He is serving a life sentence; he will not be subject to his conditions of release. Further, when a defendant is released and must comply with supervised-release conditions, district courts can readily modify these conditions at the defendant's request. *Id.* (citing 18 U.S.C. § 3583(e)(2); Fed. R. Crim. P. 32.1(c)). The integrity and public reputation of criminal proceedings are supported by "[e]ncouraging this simple expedient," rather than by "perpetuating expensive and time-consuming appeals and resentencings." *Id.* (citing *United States v. Tejeda*, 476 F.3d 471, 475 (7th Cir. 2007)).

We recognize a tension between this court's decision in *United States v. Silvious*, which encourages defendants to begin by asking district courts to modify conditions of release, and our recent decisions to remand conditions of release for plain error. *See, e.g., United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015); *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015). We find the latter decisions distinguishable under the plain-error standard, however, because Bour is serving a life term that will not allow him to reach the supervised-release stage of his sentence. This is harmless error again because Bour's substantive rights are unaffected by the district court's misstep.

We thus decline to remand Bour's conditions of supervised release for resentencing.

### D. Restitution Order

Restitution awards are typically reviewed de novo, but we examine for plain error because Bour failed to object below. *United States v. Walker*, 746 F.3d 300, 308 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 737 (2014) (citing *United States v. Berkowitz*, 732 F.3d 850, 852 (7th Cir. 2013); *United States v. Robers*, 698 F.3d 937, 941 (7th Cir. 2012)). We recognize that one of Bour's attorneys withdrew before restitution was ordered, leaving him pro se when the order issued, and we would make the same findings even under de novo review.

If a victim's losses are "not ascertainable" 10 days before sentencing, the prosecutor must inform the court, and the court must set a final-determination date no more than 90 days after sentencing. 18 U.S.C. § 3664(d)(5). In this case, Natisha's daughters had no guardian when Bour was sentenced. As a result, the government could not legally decide

how much restitution to request until after these minors received a court-appointed guardian. It was thus necessary for the district court to continue the restitution question.

This is the situation where "a deadline seeks speed by creating a time-related directive," yet if the district judge timely makes clear that he will order restitution, he retains the power to set the restitution amount after the 90-day deadline. *See Dolan v. United States*, 560 U.S. 605, 608, 611 (2010). The statute is primarily designed to give victims timely relief; it is not written to give defendants an absolute deadline, after which they are freed from providing restitution to the individuals they have harmed. *See id.* at 613–14. Here, the district judge announced 89 days post-sentencing that he would order restitution, while deferring his decision on the amount. He had authority to impose the restitution amount later. We find no error in the restitution order.

## III. Conclusion

The district court's decisions regarding Christopher Bour's masturbation videos, consecutive sentences, and restitution order are AFFIRMED.