**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 3, 2022
Decided August 12, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-2740

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:17-cr-00242(1) |
| PARIS STEELE, *Defendant-Appellant*. | Ronald A. Guzmán, *Judge*. |

**O R D E R**

Paris Steele was charged with dealing firearms without a license and distributing crack cocaine. While out on bond, he appeared in three videos posted to YouTube that showed him brandishing guns and taunting rival gang members. The district judge revoked Steele's bond and he eventually pleaded guilty. At sentencing the judge imposed an 80-month sentence that exceeded the top of the Sentencing Guidelines range by 17 months or 27%. Steele challenges his sentence, arguing that the judge

committed procedural error by failing to adequately explain the above-Guidelines sentence or consider his arguments in mitigation. Steele also contends that the judge abused his discretion by imposing a substantively unreasonable sentence.

We affirm. The judge adequately explained his reasoning and considered all of Steele's mitigation arguments. And the 80-month sentence is not substantively unreasonable because the judge did not exceed his broad discretion to determine that the factors listed in 18 U.S.C. § 3553(a) warranted an upward deviation from the Guidelines range.

## I. Background

Between July 2016 and January 2017, Paris Steele sold five guns and nearly 35 grams of crack cocaine to a confidential informant with the Bureau of Alcohol, Tobacco, Firearms and Explosives on Chicago's South Side. One of the guns had an obliterated serial number and another had a shortened barrel. On two occasions Steele sold the informant both a firearm and crack cocaine in the same transaction. He was 19 years old when the sales began and 20 at the time of his arrest in April 2017.

Steele was charged by a superseding indictment with one count of willfully dealing firearms without a license, 18 U.S.C. § 922(a)(1)(A), and five counts of distributing crack cocaine, 21 U.S.C. § 841(a)(1). After initially being ordered detained, he was released on an unsecured bond into the custody of his grandmother as his third-party custodian. As a condition of his release, he was not permitted to possess firearms, destructive devices, or other weapons.

While out on bond, Steele lived with his grandmother as directed and worked the night shift at a welding company. He was well liked by his boss. But then in July 2018, three videos were posted to YouTube showing Steele brandishing a semiautomatic pistol with a large, extended ammunition clip. In one video he appears to fire live rounds; in another he made violent threats against rival gang members, possibly in retaliation for the death of a friend. At times Steele points the gun at the camera. In one video he says "we play with these" while holding up the gun. The government learned of the videos—which were publicly available on YouTube—a week after they were posted. The district court then revoked Steele's bond.

Steele pleaded guilty to one count of willfully dealing firearms without a license and one count of distributing crack cocaine. The remaining crack-distribution charges were dropped. The presentence report calculated the advisory Sentencing Guidelines

range as 78 to 97 months in prison after applying a four-level enhancement for trafficking firearms. *See* U.S.S.G. § 2K2.1(b)(5). In his sentencing memorandum, Steele objected to the trafficking enhancement. The government argued for a within-Guidelines sentence.

At Steele's sentencing hearing, the government began by conceding that it was no longer pursuing the four-level trafficking enhancement. Both Steele and the government agreed that without this enhancement, the Guidelines range was now 51 to 63 months in prison, and the judge accepted that calculation. However, instead of continuing to argue for a within-Guidelines sentence, the government argued for an 80-month sentence, above the newly calculated Guidelines range. The government maintained that the § 3553(a) sentencing factors supported an above-Guidelines sentence, with special emphasis on the "brazen" YouTube videos, which demonstrated serious disrespect for the law and heightened the need to protect the community.

Steele's counsel argued for a 48-month sentence. He emphasized Steele's challenging upbringing "in a neighborhood rife with shootings, drug trafficking[,] and general mischief." Steele had witnessed a friend die of a gunshot wound at a young age, had been stabbed and seriously injured while riding public transit, and had lost another friend to violence. Though counsel characterized the YouTube videos as "moronic" and "stupid," he contended that Steele made them while intoxicated and in response to a friend's murder. Steele also personally addressed the judge and apologized for his actions, and his father and former boss offered supportive statements.

The judge began his sentencing remarks by emphasizing the seriousness of Steele's firearms offense, particularly in light of the level of gun violence in Chicago. The judge was especially troubled by the YouTube videos, which he characterized as "glamoriz[ing] shooting people in retaliation" and "glamoriz[ing] guns and alcohol." And the guns that Steele sold—which included a shotgun with a shortened barrel and a pistol with an obliterated serial number—were the type of guns that would be used to "do the kinds of things [Steele] was talking about in his videos: you shoot other gangbangers." The judge found the videos "chilling" and "a very, very bad sign with respect to rehabilitation" because they demonstrated Steele's "complete lack of understanding [of] the seriousness of what he has done." He agreed with the government that the need to protect the public was particularly strong.

The judge rejected Steele's arguments for a below-Guidelines sentence, reasoning that "at some point … the safety of the public [had] to come first." Steele had illegally resold the guns under circumstances indicating that they "were going to be used for

something bad." The judge emphasized the need for general deterrence given the serious problem of gun violence in Chicago and the need to deter Steele specifically given his disrespect for the law.

The judge then accepted the government's recommendation and sentenced Steele to 80 months in prison: 60 months on the firearms count (the statutory maximum) and 80 months on the crack-distribution count, to be served concurrently.[1] The sentence exceeded the top of the Guidelines range by 17 months or 27%.

## II. Discussion

On appeal Steele raises two claims of procedural error. He contends that the judge failed both to adequately explain the 80-month sentence and to consider his principal arguments in mitigation. We review de novo Steele's procedural challenges to his sentence. *United States v. Sanchez*, 989 F.3d 523, 539 (7th Cir. 2021) (arguments in mitigation); *United States v. Ballard*, 950 F.3d 434, 436 (7th Cir. 2020) (adequate explanation). Steele also raises a substantive challenge to the reasonableness of his sentence, which we review for abuse of discretion. *United States v. Vasquez-Abarca*, 946 F.3d 990, 993 (7th Cir. 2020).

Steele first argues that the judge failed to give a sufficient explanation for the upward variance from the Guidelines range. A judge must adequately explain the sentence imposed, "including any deviation from the Guidelines." *United States v. Jones*, 962 F.3d 956, 960 (7th Cir. 2020). But "so long as the judge explains why the result is appropriate under § 3553(a), there is no need to directly 'explain why a sentence differs from the Sentencing Commission's recommendation.'" *United States v. Kuczora*, 910 F.3d 904, 907 (7th Cir. 2018) (quoting *United States v. Kirkpatrick*, 589 F.3d 414, 416 (7th Cir. 2009)). We "will not find error when a district court goes above the Guidelines 'based on factors sufficiently particularized to the individual circumstances of the case.'" *United States v. Bour*, 804 F.3d 880, 885 (7th Cir. 2015) (quoting *United States v. Jackson*, 547 F.3d 786, 792 (7th Cir. 2008)). And though more detail is always better than less, "the burden on the sentencing judge is not particularly onerous." *United States v. Morgan*, 987 F.3d 627, 632 (7th Cir. 2021).

Here, the judge adequately explained his decision to impose a sentence of 80 months by referencing the statutory factors relevant to Steele's conduct. He placed

---

[1] The judge initially misspoke and stated that he was sentencing Steele to 80 months on the firearms count. He immediately corrected himself.

special emphasis on the seriousness of the offense and the need to promote respect for the law. *See* § 3553(a)(2)(A). He explained that "the seriousness of the offense [was] difficult to overstate" given Chicago's high level of gun violence. And the YouTube videos demonstrated that Steele did not understand "the wrongfulness of [his] conduct" or "the seriousness of it … at all."

The judge also explained the need to protect the public from gun-related crimes. *See* § 3553(a)(2)(C). Steele's decision to brandish guns in the YouTube videos while on bond heightened concerns that he might commit future gun-related crimes, warranting a longer sentence to achieve adequate deterrence. *See* § 3553(a)(2)(B). The judge spoke of the need for "deterrence in general" to demonstrate that gun-related crimes are taken seriously and "for deterrence in the specific sense" because Steele had not shown that he understood the seriousness of his gun-related conduct. The judge's deterrence analysis, like the rest of his explanation of Steele's sentence, was based on factors "particularized to the individual circumstances of the case" considering what the videos indicated about Steele's inclination to commit additional gun crimes. *Bour*, 804 F.3d at 885 (quotation marks omitted). The judge adequately explained Steele's sentence.

Steele next argues that the judge failed to consider his arguments in mitigation. The judge "must address a criminal defendant's 'principal' arguments in mitigation unless such arguments are 'so weak as not to merit discussion.'" *Sanchez*, 989 F.3d at 540 (quoting *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005)). We "will not find a sentence 'procedurally unreasonable as long as the totality of the record establishes that the district court considered the arguments in mitigation, even if implicitly and imprecisely.'" *Bour*, 804 F.3d at 885 (quoting *United States v. Cheek*, 740 F.3d 440, 456 (7th Cir. 2014)).

Here, the judge addressed all of Steele's principal arguments in mitigation. In fact, Steele does not point to an argument he made in mitigation that the judge did not consider at sentencing. The judge considered that Steele had been working while out on bond, a circumstance that is "not so unusual as to have required much discussion." *United States v. Gary*, 613 F.3d 706, 711 (7th Cir. 2010). He considered Steele's "unfortunate childhood traumatic events and how that might have impacted him in such a way as to account in part for his future misconduct," a point that he reiterated on the record. And he considered the fact that Steele had committed the crimes when he was only 19 or 20 years old.

The judge also considered Steele's "family background," that his father was present in court, and "that there are others, including his sons, in whose lives he plays a

substantial role." This discussion was sufficient as the judge was entitled to reject this relatively generic "family-ties argument" without any discussion. *Id.* at 709.

The record shows that the judge adequately addressed all of Steele's principal mitigating arguments. And even if he addressed Steele's arguments "implicitly and imprecisely," that's all that is required to avoid a procedural error. *Bour*, 804 F.3d at 885 (quotation marks omitted).

Finally, Steele contends that his 80-month sentence is substantively unreasonable. Though an above-Guidelines sentence is not presumptively reasonable, it is not presumptively *un*reasonable either. *United States v. Aldridge*, 642 F.3d 537, 544 (7th Cir. 2011). We take the sentence at face value. Judges retain "broad discretion" at sentencing, including when "concluding that a heavier penalty [than the advisory Guidelines range] was justified." *Kuczora*, 910 F.3d at 906. That broad discretion includes how much weight to assign to the § 3553(a) factors. *United States v. Cunningham*, 883 F.3d 690, 702 (7th Cir. 2018). We do not substitute our judgment for that of the district judge, who "is better situated to make individualized sentencing decisions." *United States v. Wood*, 31 F.4th 593, 600 (7th Cir. 2022) (quotation marks omitted).

Steele argues that his childhood trauma and expression of regret at sentencing made an above-Guidelines sentence unreasonable. He insists that the judge gave short shrift to these factors and instead placed too much emphasis on his conduct in making the YouTube videos. This is just a quarrel about the weight the § 3553(a) factors deserved, which "does not transform the district court's decision into an abuse of discretion." *Id.* at 600–01 (affirming a sentence that exceeded the top of the Guidelines range by 66%). The judge reasonably concluded that the severity of Steele's conduct and the § 3553(a) factors outweighed his mitigating arguments. *United States v. Tounisi*, 900 F.3d 982, 987 (7th Cir. 2018) (per curiam). We have consistently held that an above-Guidelines sentence is substantively reasonable when the judge's decision is "firmly grounded" in the § 3553(a) factors. *United States v. Gonzalez*, 3 F.4th 963, 965–66 (7th Cir. 2021) (affirming a 31-month upward deviation from the Guidelines). That is the case here.

Steele counters by suggesting that the judge impermissibly increased the sentence imposed on his crack-distribution conviction based on factors relevant only to his firearms-dealing conviction. He argues that the judge justified the 80-month sentence by reference to factors related to guns—including the YouTube videos—when the statutory maximum for the firearms offense is only 60 months. Steele cites no

authority requiring a sentencing court to separately evaluate the § 3553(a) factors for each count in a multicount case. In fact, there's no such requirement. Instead, there's a "longstanding tradition" that sentencing is a holistic process that considers all relevant aspects of the defendant's background and criminal conduct. *Concepcion v. United States*, 142 S. Ct. 2389, 2395 (2022). That tradition is consistent with the process required by the Sentencing Guidelines, which groups offenses and produces a single advisory sentencing range based on all of the defendant's conduct.

To be sure, the judge could not sentence Steele to more than 60 months on the firearms count. But he did not do so, and the 80-month sentence on the crack-distribution count fell within the statutorily prescribed range. *See* 21 U.S.C. § 841(b)(1)(C). The judge was permitted to holistically consider Steele's conduct under § 3553(a). Steele's sentence was not substantively unreasonable.

AFFIRMED