In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-2103

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JESSE J. BALLARD,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 17-cr-40079 — **J. Phil Gilbert**, *Judge.*

ARGUED JANUARY 16, 2020 — DECIDED FEBRUARY 14, 2020

Before FLAUM, MANION, and KANNE, *Circuit Judges.*

MANION, *Circuit Judge.* Jesse Ballard has an extraordinarily long history of criminal conduct, which the sentencing judge described as "probably one of the worst criminal histories [he'd] seen in 30 years" of experience. From 1985 until 2017, Ballard accrued over 30 convictions for crimes such as attempted residential burglary, kidnapping, battery, aggravated assault (amended from rape), possession of a firearm as a felon, and multiple convictions for driving with a

suspended or revoked driver's license. Ballard also accrued a multitude of parole violations and committed several infractions while in prison.

Ballard was arrested once again in December 2017 after he possessed a gun purchased by his girlfriend. Ballard pleaded guilty on May 9, 2018, to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). This was his first conviction in federal court. The court initially imposed an enhancement on Ballard as an armed career criminal under 18 U.S.C. § 924(e), resulting in a Guidelines range of 180 to 210 months' imprisonment. At sentencing, the district court considered Ballard's extensive criminal history, including old offenses for which the Guidelines did not assess criminal history points. The court noted this extensive history showed a pattern of lawlessness, a disrespect for the law, an inability to lead a law-abiding life, and a failure of prior sentences to deter Ballard from criminal behavior. Citing the § 3553 factors of the defendant's history and characteristics, promoting respect for the law, deterrence, and the need to protect the public from Ballard's future crimes, the court imposed a sentence of 232 months, a 10 percent upward departure from the high end of his Guidelines range.

Ballard appealed the court's application of the Armed Career Criminal Act (ACCA) enhancement. On appeal, the government filed a confession of error and motion for remand, taking the position that Ballard's two Illinois attempted burglary convictions could not qualify as violent felonies under the ACCA. Accordingly, we vacated the sentence and remanded the case to the district court for resentencing. *United States v. Ballard*, No. 18-3294 (7th Cir. Feb. 4, 2019) (order granting motion for remand).

At resentencing, the revised presentence report assigned Ballard offense level 13 and criminal history category VI (the highest category possible). This resulted in a new Guidelines range of 33 to 41 months, with a statutory maximum of 120 months. The district court again pointed to Ballard's extensive criminal history, which it found demonstrated a disrespect for the law and an inability to live a law-abiding life, and again cited the § 3553 factors of the defendant's history and characteristics, promoting respect for the law, deterrence, and the need to protect the public. The court imposed a new sentence of 108 months' imprisonment: an approximately 160 percent increase from the high end of Ballard's revised Guidelines range. The district court did not articulate why the same factors that justified a 22-month, 10 percent upward departure in the first sentencing now justified a 67-month, 160 percent departure at resentencing. Ballard appeals the new sentence.

Ballard argues that the district judge committed procedural error by failing to adequately explain the 160 percent upward departure from the high end of the calculated Guidelines range, and that the 108 months' sentence was substantively unreasonable as well.[1] We review *de novo* a procedural challenge to a defendant's sentence. *United States v. Lockwood*, 789 F.3d 773, 781 (7th Cir. 2015). If we find no procedural error, we review the substantive reasonableness of the sentence

---

[1] Initially, Ballard also sought to vacate his conviction, arguing the indictment and factual basis for his plea were deficient under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), for failing to include knowledge of his status as a felon as an element of the crime. However, Ballard conceded at oral argument that this argument was untenable in light of our recent decision in *United States v. Williams*, 946 F.3d 968, 973–74 (7th Cir. 2020). Based on that concession, we address only Ballard's challenges to his sentence.

for abuse of discretion. *United States v. Faulkner*, 885 F.3d 488, 498 (7th Cir. 2018).

Because the Guidelines are advisory, district judges have discretion to sentence a defendant outside the calculated Guidelines range. However, when doing so, the judge "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance." *United States v. Miller*, 601 F.3d 734, 739 (7th Cir. 2010) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). The judge's explanation of the deviation must "articulate[] and justif[y] the magnitude of the variance." *United States v. Conaway*, 713 F.3d 897, 904 (7th Cir. 2013). It follows that more significant justification is necessary for more substantial departures. *United States v. Castillo*, 695 F.3d 672, 673 (7th Cir. 2012); *Miller*, 601 F.3d at 739. Failing to adequately explain a chosen sentence, including an explanation for deviation from the Guidelines range, is a procedural error. *Faulkner*, 885 F.3d at 498. In *United States v. Johns*, in the context of a resentencing where the defendant faced a reduced Guidelines range on remand, we cautioned: "[r]egardless of whether the judge gave a sufficient explanation for [an upward departure at the original sentencing], a more substantial departure from a lower guidelines range on resentencing should be supported by a more significant justification." 732 F.3d 736, 742 (7th Cir. 2013).

We conclude that the district court committed procedural error by not providing an adequate explanation for the major upward departure from the Guidelines range on resentencing. First, the district court failed to provide a justification that explains the extreme difference between the upward departure of the second sentence versus that of the original

sentence. To justify a sentence that was 67 months above the Guidelines range (a 160 percent upward departure), the court referred to the history and characteristics of the defendant and the goals of promoting respect for the law, deterrence, and protecting the public from future crimes. These are appropriate factors to consider under § 3553. However, these were the same factors cited and discussed at the original sentencing, resulting in a sentence only 22 months above the original Guidelines range (a 10 percent upward departure). The court provided no explanation for why consideration of the same factors warranted a much greater departure on resentencing. The district court's explanation of its departure from the Guidelines upon resentencing does not "articulate[] and justif[y] the magnitude of the variance" where the explanation is essentially identical to the explanation provided for a much less extreme departure in the original sentence.

The government argues that the goal of protecting the public from Ballard's continued criminal behavior, a legitimate factor of consideration under § 3553, logically requires a greater departure from a lower Guidelines sentence than from a higher one. That may very well be true. But the district court did not invoke that rationale in its explanation of the sentence or the magnitude of the departure, and our precedent requires it to do so. Otherwise, the appellate court has no basis to assess whether the new sentence was a reasonable departure from the revised Guidelines range or an improper attempt to impose a sentence resembling the original one. *C.f. Castillo*, 695 F.3d at 673 (noting the purpose of requiring more compelling justifications for more substantial departures is to "enable the court of appeals to assess the reasonableness of the sentence imposed").

Furthermore, regardless of the proportional difference between the first and second sentencing departures, a 160 percent increase is an abnormally extreme departure from the Guidelines recommendation. Although the Supreme Court has rejected "the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required," courts of appeals are entitled to "take the degree of variance into account and consider the extent of a deviation from the Guidelines." *Gall*, 552 U.S. at 47; *see also Castillo*, 695 F.3d at 674.

An alternative way to judge the magnitude of a departure from the Guidelines is to use the "number of offense levels rather than percentage deviations." *Castillo*, 695 F.3d at 675. This is in line with the Sentencing Commission's guidance to a district judge when considering an upward departure based on the criminal history of a defendant already placed in the highest criminal history category (which is exactly the case here). *See* U.S.S.G. § 4A1.3(a)(4)(B). That provision suggests "the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." *Id.* Looking to the sentencing table as our guide, Ballard's 108-month sentence only comes within range by moving down to offense level 23, a full 10 offense levels higher than Ballard's assigned offense level of 13. By this measure, too, the departure is extreme. Accordingly, the district court owed a significant justification for that departure. *Castillo*, 695 F.3d at 673 (stating a departure "far above the top" of the Guidelines range requires more justification than an incremental departure).

In discussing aggravating factors not taken into account by the Guidelines, the district court focused almost exclusively on Ballard's extensive criminal history and hardly at all on the circumstances and nature of the current offense. Although the Guidelines do account for criminal history, *see United States v. Tanner*, 628 F.3d 890, 908–09 (7th Cir. 2010), a district court is "entitled to consider the defendant's full criminal history and to impose a sentence tailored to his record" where the Guidelines do not fully reflect that history. *United States v. Vasquez-Abarca*, 946 F.3d 990, 994–95 (7th Cir. 2020) (holding district court properly considered defendant's criminal history to justify an upward departure where Guidelines did not include an offense never charged and two offenses older than fifteen years); *see also* U.S.S.G. § 4A1.3(a)(1). A district judge is also at liberty to disagree with the Commission's judgment either categorically or in a particular case. *United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010). However, emphasizing the defendant's criminal history alone does not adequately explain a departure as extreme as the one in this case. *C.f. Tanner*, 628 F.3d at 908–09 (noting "it would be odd" for a Guidelines sentence to be deemed unreasonable "merely by reference to one of the two factors (offense level and, here, the defendant's criminal history) that the guidelines take into account in every case").

Neither party has pointed us to a similar case within our circuit involving such an extreme upward departure justified by criminal history alone, and we have found none. Instead, we find cases with much less extreme departures supported by more thorough explanations. *See, e.g., United States v. Vasquez-Abarca*, 946 F.3d at 994–95 (upholding a 95 percent upward departure where the district judge considered the defendant's full criminal history and the failure of a previous

shorter sentence for the same offense to deter the defendant, and explained the specific danger posed to the public by the defendant's current offense); *United States v. Jordan*, 435 F.3d 693, 697 (7th Cir. 2006) (upholding a 75 percent upward departure where the district judge "described … at length the many facts and circumstances … that were pertinent to [the judge's] evaluation of § 3553(a) factors," emphasizing the severity of the offense and risk of recidivism, and providing "at least ten specific areas of concern" regarding the nature of the defendant's offense, his lack of remorse, and his specific plans for continuing his offense conduct in the future); *United States v. Walker*, 98 F.3d 944, 947 (7th Cir. 1996) (upholding an increase of a Category VI defendant's sentencing range from offense level 10 to offense level 12 to account for extreme criminal history we described as "a one-man crime wave," spanning 21 years and including 13 convictions, mainly felonies, for crimes as diverse as armed robbery, forgery, and pimping).

We recognize that even though we are sending Ballard back to the district court to be sentenced a third time, we cannot place absolute parameters on the district court's selection of a new sentence. *See Koon v. United States*, 518 U.S. 81, 98 (1996) ("A district court's decision to depart from the Guidelines … embodies the traditional exercise of discretion by a sentencing court."). However, we recommend the district court align Ballard's sentence more closely to the Guidelines by moving incrementally down the Category VI column of the sentencing table until it finds an appropriate Guidelines range, as suggested in U.S.S.G. § 4A1.3(a)(4)(B).

Because the district court did not provide an adequate explanation for the extreme upward departure from Ballard's

recommended Guidelines range, we hold that it committed procedural error. Accordingly, we VACATE the sentence and REMAND for resentencing.