In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 20-1235

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MELVIN GONZALEZ,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 18 CR 537 — **Gary Feinerman**, *Judge.*

---

ARGUED APRIL 2, 2021 — DECIDED JULY 7, 2021

---

Before WOOD, HAMILTON, and KIRSCH, *Circuit Judges.*

WOOD, *Circuit Judge.* The Federal Sentencing Guidelines help guide district judges to select penologically appropriate sentences for criminal offenders. The operative term here is "guide." Once considered mandatory, the guidelines became advisory in the wake of the Supreme Court's decision in *Booker v. United States*, 543 U.S. 220, 259 (2005). Though a district court must always consult the guidelines and take them into account, *id.* at 264, the ultimate length of a sentence

(within statutory maxima and minima) is committed to the discretion of the district judge, who is constrained by the statutory factors in 18 U.S.C. § 3553(a). The guidelines' recommendations are a helpful tool for judges, but they may not account adequately for the nuances of an individual case. Recognizing this, we have held that a district court is free to deviate from the guidelines, so long as it offers an adequate statement of its reasons. See *Gall v. United States*, 552 U.S. 38, 49–50 (2007); see also *United States v. Gill*, 824 F.3d 653, 665 (7th Cir. 2016).

In this case, the district court imposed a 72-month prison sentence on defendant Melvin Gonzalez, after he pleaded guilty to unlawful possession of a firearm by a felon. Gonzalez challenges that sentence on appeal, arguing that it is so long that it is substantively unreasonable. He relies heavily on the fact that the Sentencing Guidelines recommended a much lower term, between 33 and 41 months. It is quite difficult to show that a sentence is substantively unreasonable, however, and Gonzalez has not done so.

## I

On January 23, 2015, Gonzalez, a member of the Latin Kings street gang, sold a .38 caliber revolver to a fellow Latin Kings member. Unbeknownst to Gonzalez, his buyer was also a confidential source for the government. In addition to participating in the sale, the source assisted law enforcement personnel in capturing multiple recorded conversations between himself and Gonzalez. This included a phone call that occurred after the firearm sale; in that call, Gonzalez told the buyer that he could sell him two more firearms the following day.

Gonzalez eventually was arrested for the January 23 sale of the firearm. Because he had an earlier felony conviction for aggravated robbery, he was charged with one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Pursuant to a written plea agreement with the government, Gonzalez pleaded guilty.

Ahead of sentencing, the U.S. Probation Office prepared a presentence investigation report, for which it twice interviewed Gonzalez. At these interviews, Gonzalez made "several inconsistent statements" about his identity, including his name, his date of birth, and the names of his family members. (Because of these inconsistent statements, there is some uncertainty as to Gonzalez's true first name; the Probation Office determined that Gonzalez's given name is Emanuel, but that he occasionally has used the name "Melvin" as an alias.) Gonzalez also lied to the Probation Office about his gang membership.

The district court sentenced Gonzalez on January 4, 2020. Following the U.S. Sentencing Guidelines, the judge determined that Gonzalez fell within criminal history category II, and his base offense level was 20. He awarded Gonzalez a three-point reduction in his offense level for accepting responsibility, see U.S.S.G. § 3E1.1, but he then concluded that Gonzalez's material misrepresentations to the Probation Office merited a two-level enhancement for obstruction of justice, see U.S.S.G. § 3C1.1. This brought Gonzalez's adjusted offense level to 19. All told, the guidelines suggested a sentencing range of 33 to 41 months. The district court found this to be inadequate, in light of the considerations set forth in 18 U.S.C. § 3553(a). It thus selected a sentence (well within statutory constraints) of 72 months' imprisonment.

## II

On appeal, Gonzalez argues that the explanation the district court provided for his sentence was inadequate to support such a significant upward shift from the 33-to-41-month guidelines range. This sounds more like a procedural argument than a substantive point. See *Gall*, 552 U.S. at 51 (including "failing to adequately explain the chosen sentence" in a list of procedural errors); *United States v. Faulkner*, 885 F.3d 488, 498 (7th Cir. 2018). Gonzalez insists, however, that he is bringing only a substantive challenge. We therefore consider any procedural argument waived and review the sentence only for an abuse of discretion. See *Gall*, 552 U.S. at 51. In any event, this distinction matters little here because the district judge's "sentencing determination is beyond reproach even under *de novo* review." *Faulkner*, 885 F.3d at 499 n.3.

In reviewing the substantive reasonableness of a sentence outside the guidelines range, we may "take the degree of variance into account and consider the extent of a deviation" from the guidelines. *Gall*, 552 U.S. at 47. We rely heavily on the district court's explanation: there is no "rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Id.* Instead, we "will uphold an above-guidelines sentence so long as the district court offered an adequate statement of its reasons, consistent with 18 U.S.C. § 3553(a), for imposing such a sentence." *Gill*, 824 F.3d at 665 (internal quotation omitted).

A district judge who "decides that an outside-Guidelines sentence is warranted … must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance." *United States v.*

*Vasquez-Abarca*, 946 F.3d 990, 994 (7th Cir. 2020) (internal quotation omitted). A "major departure" from the guidelines requires "a more significant justification than a minor one," *Gall*, 552 U.S. at 50, though the court may ground its justification by reference to the section 3553(a) factors alone and need not "frame its explanation in terms of a departure from the guidelines range," *Vasquez-Abarca*, 946 F.3d at 994 (internal quotation omitted).

The district court here provided a comprehensive explanation for the sentence it selected. It acknowledged the guidelines recommendation and commented that it almost always chooses a sentence that falls below or within the guidelines. Indeed, the court remarked, it could "count … on one hand" the number of times it has varied upward from the guidelines. Nevertheless, the court found that in Gonzalez's case, the nature of his offense, his history of recidivism, his misrepresentations to the Probation Office, and the need to deter similar offenses merited a stiffer sentence than the one recommended by the guidelines.

The court firmly grounded its decision in the section 3553(a) factors. It explained that it viewed a lengthier sentence as necessary to reflect the seriousness of Gonzalez's offense and to promote respect for the law. See 18 U.S.C. § 3553(a)(2)(A). It found that the offense level produced by the guidelines "seriously under-represented the seriousness of [Gonzalez's] criminal conduct," because Gonzalez had not merely possessed a firearm—he had sold one, and not just to anyone but to a gang member. Worse, Gonzalez had promised to sell two more firearms to his buyer in the immediate future. The court also pointed to Gonzalez's dishonesty with the Probation Office regarding his gang membership and his

identity as an indication that Gonzalez did not have the proper respect for the legal system. This too supported a longer sentence.

The court emphasized that a longer sentence was necessary to deter the sale of firearms to gang members. Such sales, it opined, feed the endemic problem of gun violence in Chicago, where the offense occurred. See *id.* § 3553(a)(2)(B); see also *United States v. Taylor*, 701 F.3d 1166, 1175 (7th Cir. 2012) (acknowledging "the need to deter gang members and other individuals from possessing guns illegally" as an important sentencing consideration).

Another factor that the district court mentioned was the need to protect the public from further crimes. See 18 U.S.C. § 3553(a)(2)(C). That, too, pointed in the direction of an above-guideline sentence. The judge viewed this as a "significant consideration" in part because of Gonzalez's history of recidivism. As the judge observed, Gonzalez had received a six-year sentence for a robbery he had committed at gunpoint, but caught a break and was sent to boot camp for a year. He learned nothing from the experience: he immediately reoffended, was reincarcerated, and committed the present crime after his release. This conduct, combined with Gonzalez's lies to the Probation Office, led the judge to find that Gonzalez was "unwilling or unable to conform to the requirements of the law."

The district court also considered Gonzalez's testimony about the nature and circumstances of his offense, as well as his personal history and characteristics. See 18 U.S.C. § 3553(a)(1). It placed little weight on this testimony, which it found outweighed by the numerous and repeated misrepresentations Gonzalez had made.

Putting everything together, the court concluded that a 72-month sentence was "sufficient, but not greater than necessary, to comply with the purposes" of the federal sentencing statute. *Id.* § 3553(a).

Gonzalez resists this conclusion, but none of his arguments is persuasive. He first contends that the district court's decision to go above the top of the guidelines was unreasonable because it conflicted with the recommendations of the Probation Office, which had suggested a 30-month term and no enhancement for obstruction of justice. But the district judge was not bound by the Probation Office's sentencing recommendation; he was free to draw his own conclusions at sentencing based on the facts contained in the presentencing report. *E.g.*, *United States v. Daoud*, 980 F.3d 581, 596 (7th Cir. 2020). That is precisely what the judge did here.

Next, Gonzalez argues that it was error for the district court to sentence him to an above-guidelines sentence based on his inconsistent statements to the Probation Office, because those statements were already reflected in his guidelines range through the obstruction-of-justice enhancement. This argument fails for two reasons. First, when justifying an upward adjustment, a district judge may rely on a factor that is incorporated into the guidelines calculation without explaining why the guidelines' treatment of that factor is insufficient. See *United States v. Kuczora*, 910 F.3d 904, 908 (7th Cir. 2018) ("Even if the Guidelines and § 3553(a) sometimes overlap, we have never held that a judge must go further and articulate why specific Guidelines factors inadequately account for the nature of the crime, the defendant's background, or any other statutory factor."). Second, Gonzalez's obstruction was only one of several reasons why the district court believed that an

upward variance was appropriate. The district judge adequately and persuasively explained how the serious nature of Gonzalez's offense, the need to deter similar conduct, and Gonzalez's history of recidivism all justified a longer sentence.

Finally, Gonzalez invokes our decision in *United States v. Ballard*, 950 F.3d 434 (7th Cir. 2020), in which we overturned a 108-month sentence that was well above the guidelines recommendation of 33 to 41 months. But *Ballard* offers Gonzalez little refuge. That case involved a special circumstance not applicable here: In *Ballard*, the district judge originally gave the defendant a sentence that was 10% higher than the top end of the guidelines range. The sentence was later vacated on appeal, and on remand the judge sentenced Ballard to a new term that was 160% higher than the top end of the guidelines range. We found procedural error in this decision, because the district judge's discussion of the section 3553(a) factors at the second sentencing was substantially the same as before and "provided no explanation for why consideration of the same factors warranted a much greater departure on resentencing." *Id.* at 437. We also observed in *Ballard* that the district court's decision to sentence the defendant at 160% of the top end of the guideline range was "an abnormally extreme departure" on those facts, one that might alone have merited reversal. *Id.* We did not mean to condemn any particular upward adjustment, however, and even if 160% were viewed as suspect, that does not help Gonzalez. His sentence was a much lower 76% increase over the top end of the guideline range, and from a procedural standpoint (waived here), the district court explained it thoroughly. Nothing in *Ballard* precludes Gonzalez's sentence.

In sum, we find nothing substantively unreasonable about Gonzalez's 72-month sentence, which was amply supported in the record. We therefore AFFIRM the judgment of the district court.