In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-2381

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JESSE J. BALLARD,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 17-CR-40079-JPG — **J. Phil Gilbert**, *Judge.*

ARGUED FEBRUARY 24, 2021 — DECIDED SEPTEMBER 2, 2021

Before FLAUM, MANION, and KANNE, *Circuit Judges.*

MANION, *Circuit Judge.* This is a successive appeal regarding sentencing.[1] Jesse Ballard pleaded guilty to being a felon in possession of a firearm. The district judge has sentenced him three different times for this offense. Ballard now argues

---

[1] The panel that decided Appeal No. 19-2103 is treating this appeal as successive under this court's Operating Procedure 6(b).

the third sentence is procedurally and substantively unreasonable. But we affirm.

## I. Ballard's Background

Ballard has a long and violent criminal history:

| Age | Crime | Location |
| --- | --- | --- |
| 17 | Petty larceny | Florida |
| 18 | Attempted kidnapping, aggravated battery | Florida |
| 21 | Theft | Illinois |
| 23 | Battery | Illinois |
| 23 | Theft | Illinois |
| 24 | Illegal transportation of liquor | Illinois |
| 24 | Illegal transportation of alcohol | Illinois |
| 24 | Knowingly damage property | Illinois |
| 24 | Attempted residential burglary | Illinois |
| 24 | Attempted residential burglary | Illinois |
| 24 | Contributing to the delinquency of a child | Illinois |
| 25 | Forgery | Illinois |
| 27 | Aggravated assault | Mississippi |
| 30 | Battery | Illinois |
| 31 | Interference with city officer | Illinois |
| 31 | Driving on a revoked license | Illinois |
| 32 | Battery | Illinois |

| 32 | Criminal damage to property | Illinois |
|----|----|----|
| 32 | Battery | Illinois |
| 33 | Unlawful possession of a weapon by a felon | Illinois |
| 35 | Domestic battery | Illinois |
| 35 | Unlawful possession of a controlled substance (methamphetamine) | Illinois |
| 36 | Aggravated battery | Illinois |
| 36 | Unlawful use of a credit card | Illinois |
| 36 | Domestic battery | Illinois |
| 41 | Domestic battery | Illinois |
| 42 | Driving on a suspended/revoked license | Illinois |
| 43 | Drunkenness | Illinois |
| 43 | Driving while license revoked | Illinois |
| 43 | Driving while license revoked | Illinois |
| 44 | Obstruct justice | Illinois |
| 46 | Driving while license revoked | Illinois |
| 49 | Driving while license revoked | Illinois |
| 49 | Tease police/service animal | Illinois |
| 50 | Driving while license revoked | Illinois |
| 50 | Driving on revoked/suspended | Illinois |

His crime wave has persisted largely unabated. He continues to break the law after turning 50. The judge called this one of the longest criminal histories he had ever seen.

## II. Procedural Posture

Ballard pleaded guilty in this case to being a felon in possession of a firearm. This is, of course, a very serious and potentially dangerous crime.

At the first sentencing hearing, on October 22, 2018, the district judge determined Ballard was an armed career criminal and sentenced him to 232 months in prison. Ballard appealed (18-3294). He argued his two prior Illinois attempted-residential-burglary convictions were not violent felonies under the ACCA after the Supreme Court held the residual clause unconstitutional in *Samuel Johnson v. United States*, 576 U.S. 591, 606 (2015). The government confessed its error. We remanded for resentencing. *United States v. Ballard*, No. 18-3294 (7th Cir. Feb. 4, 2019) (order granting motion for remand) ("*Ballard I*").

At the second sentencing, on May 28, 2019, Ballard faced a guideline range of 33 to 41 months. The judge imposed a sentence of 108 months. Ballard appealed again (19-2103). He argued that the indictment and factual basis for his plea were deficient and that the sentence was procedurally and substantively unreasonable. We found a procedural error in Ballard's 108-month sentence because the district judge imposed a 160% upward variance from the high end of the guideline range without giving an adequate justification. We remanded for resentencing. We recommended that the district judge "align Ballard's sentence more closely to the Guidelines by moving incrementally down the Category VI column of the

sentencing table until [he] finds an appropriate Guidelines range … ." *United States v. Ballard*, 950 F.3d 434, 439 (7th Cir. 2020) ("*Ballard II*").

At the third sentencing, on June 30, 2020, Ballard again faced a guideline range of 33 to 41 months. The government and Ballard both recommended a sentence of 63 months. But the judge sentenced Ballard to 92 months, 125% above the high end of the range. Ballard appeals again. He argues the sentence is procedurally and substantively unreasonable. He argues the judge failed to justify the 125% variance and failed to consider disparity and mitigation.

### III. Discussion

Ballard raises two basic issues on appeal. First, he argues the 92-month sentence is procedurally unreasonable because the judge did not sufficiently explain the upward variance of 125%. Second, he argues the 92-month sentence is substantively unreasonable in light of mitigating evidence the judge did not consider and in light of disparity with other sentences.

### A. Procedural Error

We review procedural challenges *de novo*. *United States v. Lockwood*, 739 F.3d 773, 781 (7th Cir. 2015).

Ballard argues the judge committed procedural error by failing to give sufficient, compelling justification to support an extreme variance. After *United States v. Booker*, 543 U.S. 220 (2005), a district judge has discretion to impose a sentence outside the guideline range. But the judge "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance … ." *United States v. Miller*, 601 F.3d 734, 739 (7th Cir. 2010).

The more extreme a variance is, the more thorough the explanation must be. *United States v. Castillo*, 695 F.3d 672, 673 (7th Cir. 2012). "A major departure should be supported by a more significant justification than a minor one." *Miller*, 601 F.3d at 739 (internal brackets and quotation marks omitted). "[T]he farther the judge's sentence departs from the guidelines … the more compelling the justification based on factors in section 3553(a) that the judge must offer in order to enable the court of appeals to assess the reasonableness of the sentence imposed." *Castillo*, 695 F.3d at 673. Failing to adequately explain a sentence is procedural error. *United States v. Faulkner*, 885 F.3d 488, 498 (7th Cir. 2018). In *United States v. Johns*, where the defendant faced a reduced guideline range on remand, we warned that "[r]egardless of whether the judge gave a sufficient explanation for [an upward departure at the original sentencing], a more substantial departure from a lower guidelines range on resentencing should be supported by a more significant justification." 732 F.3d 736, 742 (7th Cir. 2013).

But the judge at the third sentencing *did* explain the justification for the third sentence thoroughly. The judge gave serious, well thought-out, compelling justifications for the sentence.

He considered Ballard's history and characteristics to be "horrendous." (Sent. Tr., June 30, 2020, DE 151 at 29 & 30.) He reiterated that Ballard's "long criminal history" is "probably one of the worst I have seen … ." (*Id.* at 30.) He noted that Ballard "has not demonstrated [respect for the law] throughout his life so far." (*Id.*)

The judge said Ballard is "a poster child for the 3553(a) factors of no respect for the law." (*Id.*) The judge noted the

plain facts that previous sentences have not deterred Ballard from committing crimes and that the public needs protection from further crimes he "may and likely will commit based on his history and characteristics of lawlessness." (*Id.*) The judge recited Ballard's lengthy and dangerous criminal history:

> [H]is history is one of theft, battery, attempted kidnapping, aggravated battery, domestic battery, illegal transportation of alcohol, damage to property, attempted residential burglary, forgery, and the list goes on, not to speak of the current felon in possession of a gun. And, guns are associated with violence for which there's too much of in this district, state, and nation.

(*Id.* at 31.)

The judge emphasized the violent nature of Ballard's recidivism:

> Mr. Ballard's prior criminal history involves very violent offenses, attempted residential burglary, kidnapping, battery, aggravated assault, which was amended down from rape; possession of a firearm. Ballard has many parole violations and committed several infractions during previous periods of incarceration.

(*Id.* at 32.)

The judge elaborated on the nature and circumstances of the offense:

> The Defendant posted on his Facebook several pictures depicting large amounts of firearms, cash, marijuana, bath salts and other drugs. Ballard bragged on Facebook that he had 12 additional firearms. One picture he posted on Facebook depicted Mr. Ballard holding a

sawed-off shotgun with the barrel under his chin, with his finger on the trigger portraying him committing suicide. This firearm was not one set forth in the indictment.

During a search of Mr. Ballard's residence on October 18, 2017, agents seized drug paraphernalia, in addition to the firearms, resulting in this conviction. In addition to Ballard instructing his girlfriend to get rid of the sawed-off shotgun, which is accounted for in adjustment for obstruction of justice, he also instructed her to get rid of drug paraphernalia that could implicate the Defendant.

(*Id.* at 31.)

The judge evaluated Ballard's personal characteristics. Ballard "admitted he withdrew from high school after he got caught with marijuana and beat up a teacher." (*Id.* at 32.) Ballard "has a poor employment history. He was terminated from one job after his employer at a factory caught him throwing away good product to catch up on his line." (*Id.*)

The judge understood a high variance required a thorough explanation: "I agree that the greater the variance from the guidelines, the more explanation is needed." (*Id.* at 33.) He observed that Ballard "has the history and characteristics of someone who, for whatever reason, cannot or will not lead a law-abiding life." (*Id.* at 34.) The judge noted that even Ballard "agreed it's been a revolving door for him." (*Id.*) The judge observed that prior sentences have not deterred Ballard from committing crimes. The judge emphasized the importance of protecting the public from further crimes.

He characterized Ballard as "an abnormally extreme Defendant in terms of his lawlessness starting at age 17. He's just been in and out of jail his entire life. … The only life Mr. Ballard knows is committing crimes." (*Id.* at 34–35.)

The judge explained he was "going from an offense level of 13 to 23, which is a [guideline range of] 92 to 115 months, and giving him the low end of the guideline range from 13 to 23, finding that based upon the 3553(a) factors … ." (*Id.* at 36.) The judge sentenced Ballard to 92 months in prison.

The judge gave a detailed, thorough, adequate explanation of the justification for the sentence. We uphold above-guideline sentences against this type of challenge for procedural error when the judge gave an adequate statement of reasoning that justifies the degree of variance from the guidelines, consistent with the § 3553(a) factors. *Faulkner*, 885 F.3d at 498; *United States v. Lewis*, 842 F.3d 467, 477–78 (7th Cir. 2016).

The judge satisfied the concerns we raised in *Ballard II*. There, we noted that the judge did not invoke the rationale that protecting the public from Ballard's continued criminal behavior (a required § 3553(a) factor) logically requires a greater variance from a lower guideline range than from a higher one.

But the judge expressly addressed this issue at the third sentencing hearing. For example, he said: "Previous sentences have not deterred [Ballard] from committing future crimes, and the public needs to be protected from further crimes he may and likely will commit based on his history and characteristics of lawlessness." (Sent. Tr., DE 151 at 30.) The judge went on to emphasize that prior sentences have not deterred

Ballard, and that "[p]rotecting the public from further crimes is a major factor in a Judge's decision in coming up with an appropriate sentence that is sufficient, but not greater than necessary to comply with the sentencing objectives." (*Id.* at 34.)

In *Ballard II*, we also raised an alternative way to judge the magnitude of a departure: "use the number of offense levels rather than percentage deviations." *Ballard II*, 950 F.3d at 437 (internal quotation marks omitted). We noted that Ballard's 108-month sentence at the second sentencing only comes within range, given his criminal history category of VI, by moving down the sentencing table from Ballard's offense level of 13 to offense level 23. This difference of 10 offense levels is another way of showing how extreme the variance was at the second sentencing hearing, and thus how much more justification the judge was required to provide. We recommended the judge align Ballard's sentence more closely to the guidelines by moving incrementally down the category VI column of the sentencing table until he finds an appropriate guidelines range, as suggested by U.S.S.G. § 4A1.3(a)(4)(B).

The judge addressed these issues at the third sentencing hearing. He knew he was imposing a significant upward variance and he explained his justifications in detail. He performed the guideline-aligning we recommended: "[T]he Court is going from an offense level of 13 to 23, which is a 92 to 115 months, and giving him the low end of the guideline range from 13 to 23, finding that based upon the 3553(a) factors that that sentence is sufficient but not greater than necessary … ." (Sent. Tr., DE 151 at 36.)

In *Ballard II*, we noted that the judge focused on Ballard's extensive criminal history and hardly addressed the

circumstances and nature of the current offense. *Ballard II*, 950 F.3d at 438.

The judge addressed this issue at the third sentencing hearing. He addressed the nature and circumstances of the instant offense at length. And he noted that "guns are associated with violence for which there's too much of in this district, state, and nation." (Sent. Tr., DE 151 at 31.)

Ballard argues that the judge's analysis of the instant offense conduct improperly included irrelevant and unsubstantiated conduct. He argues it was not confirmed that all the Facebook photos were his. He argues there is no evidence that his boast about owning multiple other guns was anything other than fantasy. But Ballard made no objections at resentencing to the Presentence Investigation Report's statements on these subjects. As the government argues, if these were not his Facebook photos or if his boast were mere fantasy, he should have argued that in the lower court.

Ballard argues that his possession of other firearms, his drug dealing, and his possession of drug paraphernalia is not relevant to the instant charge. But these actions are additional uncharged criminal conduct—not already factored into the guidelines—which the judge may consider. *See United States v. Bridgewater*, 950 F.3d 928, 932 (7th Cir. 2020); *United States v. Holton*, 873 F.3d 589, 591–92 (7th Cir. 2017).

Ballard argues that the judge did not account for his argument that the older convictions are not good indicators of recidivism. Ballard argues the judge did not explain his reason for rejecting the Commissioner's conclusion that the relationship between old convictions and recidivism is very weak. But in this case, we do not need to guess whether Ballard is prone

to recidivism. He *is already* recidivating. By his own account, he spent about 80% of his adult life in prison or on parole. And he has committed violations and infractions in prison and has violated parole many times.

Ballard argues the judge provided essentially the same explanation for the 125% upward variance at the third sentencing as he did at the prior two sentencings. Ballard's point is that these same factors discussed by the judge at the third sentencing were present before, and yet the first sentence was only 10% above the prior guideline range. So why would those same factors justify a 125% upward variance now?

First, the judge added additional factors (or additional emphasis on factors) to his explicit consideration at the third sentencing hearing, in accordance with our opinion in *Ballard II*.

Second, there was a major difference between the first sentencing hearing and the second two: the ACCA. It is true that the same factors were present—and the judge discussed many of them—during the first sentencing hearing when the upward variance was only 10%. But the actual sentence imposed at the first sentencing hearing *was much higher* than the actual sentence imposed at the third sentencing hearing because of the first sentence's unconstitutional reliance on the ACCA. Thus there was no need for certain details relied on by the judge at the third sentencing hearing to expressly and independently raise the sentence during the first sentencing hearing because the ACCA already provided for a large sentence at the first hearing. In other words, multiple different factors can combine to justify a sentence that a portion of them supported independently. A judge does not always need to explain exactly which factors independently justify exactly what portions of a single sentence.

A judge is not compelled to impose a sentence higher than a mandatory minimum just to leave himself room for discretion if the case is remanded to him because the mandatory minimum turns out to be unconstitutional. The judge here picked up on this point at the second sentencing hearing: "You know, I guess maybe the first time around I should have given Ballard a life sentence, and then when it came back the Appellate Court could have compared the percentages." (Sent. Tr., DE 151 at 33.)

When a judge gives a sentence 10% above the top of the guideline range at a first sentencing hearing, he is not locked into that percentage at future sentencing hearings for the same crime on remand. For one thing, a mandatory minimum might have covered some of the needs to satisfy the § 3553(a) factors before the mandatory minimum was found unconstitutional. For another thing, 10% of X is not the same as 10% of Y.

The judge complied with our instructions in *Ballard II*. He addressed our concerns specifically and in detail. We find no procedural error.

**B. Substantive Error**

Finding no procedural error, we turn to Ballard's claims of substantive error. We review these claims for abuse of discretion. *Faulkner*, 885 F.3d at 498 ("A sentence is substantively unreasonable only when the district court abused its discretion in imposing the sentence in question."); *Miller*, 601 F.3d at 739.

Ballard argues the judge ignored specific circumstances of the instant offense that called for a lower sentence. Ballard argues that his girlfriend owned the subject firearm for her own protection. He argues he did not possess the firearm for

another illegal purpose. But we are not persuaded that it was an abuse of discretion not to lower the sentence based on these factors. A felon possessing a firearm owned by someone else presents a danger to society, even if he had no further illegal purpose. This is particularly true when the felon has an extensive and dangerous criminal history.

Ballard argues the subject offense was discovered due to his own actions. He shared pictures of himself holding the gun on social media. But Ballard does not make any arguments about why that would mitigate the seriousness of the offense. If anything, Ballard's posing for the photos and sharing them on social media arguably demonstrates a heightened level of flagrant disregard for the law.

Ballard argues he accepted responsibility and timely entered a guilty plea. This is, of course, commendable. And he received a three-point reduction for acceptance of responsibility.

Ballard argues his sentence is disparate from sentences some other defendants received for possessing guns as felons. But that is because Ballard is a different sort of defendant. The judge made this abundantly clear. He characterized Ballard as "an abnormally extreme Defendant in terms of his lawlessness starting at age 17. He's just been in and out of jail his entire life. … The only life Mr. Ballard knows is committing crimes." (Sent. Tr., DE 151 at 34–35.) The judge observed that Ballard's criminal history was long and violent. By Ballard's own account, he has spent about 80% of his adult life in prison or on parole. And he has committed infractions in prison and violated parole terms. Giving Ballard the same sentence as a run-of-the-mill felon in possession would have been disparate.

Ballard also argues the judge did not take into account "significant mitigating evidence": (1) Ballard was 53 years old at the third sentencing, so he had a reduced risk of recidivism; (2) his sister, with whom he had a special bond, died in a car wreck when he was only 10; (3) he is now in a long-term, stable relationship; (4) he recently completed a substance-abuse treatment program and entered into another program; (5) while incarcerated, he reported and prevented another inmate's planned attack on a guard; and (6) he had a perfect disciplinary record (during at least a recent stint) in prison. Ballard argues the judge failed to acknowledge these mitigating factors in the § 3553(a) analysis.

The judge did not abuse his discretion in not treating Ballard's age as significant mitigating evidence because Ballard's age has in fact *not* reduced his likelihood of committing crimes. Ballard committed the instant crime at age 50. As the government puts it, "Ballard's actions in the instant case show age is not a barrier to him continuing his criminal activity." (Appellee Br. at 35.) At the third sentencing hearing, the judge asked Ballard for his current age. Ballard said he was 53. But, again, we do not need to predict in this case whether advancing age decreases Ballard's risk of recidivism because he *is* recidivating even as his age advances.

The judge did not abuse his discretion in not treating the untimely death of Ballard's sister as significant mitigating evidence. Certainly the situation is sad and traumatic. But society teems with sad, traumatized citizens abiding by the law. And the untimely death does nothing to protect society from Ballard's ongoing propensity to break the law.

Nor did the judge abuse his discretion in not treating the other listed factors as significant mitigating evidence. He need

not mention every potential mitigating factor in detail. *See United States v. Chapman*, 694 F.3d 908, 914 (7th Cir. 2012) ("[E]ven when arguments in mitigation are supported factually, judges need not tick off every possible sentencing factor or detail and discuss, separately, every nuance of every argument." (internal quotation marks omitted)). The serious nature of the instant offense, Ballard's age at the time of the instant offense, the long and dramatic and dangerous criminal history, the continual recidivism and lack of respect for law, and the continued need for deterrence and incapacitation for the protection of the public overwhelm the relatively minor potential mitigating factors.

## IV. Conclusion

Finding no procedural or substantive error, we affirm.